IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>    Plaintiff,<br><br>  v.<br><br>LISA JACKSON, in her official capacity as Administrator of the Environmental Protection Agency,<br><br>    Defendant.<br>_____/ | No. C 09-2453 CW<br><br>ORDER DENYING MOTION TO INTERVENE AND MOTION FOR AN ORDER TO SHOW CAUSE<br>(Docket Nos. 43 and 46) |

Proposed Intervenors State of North Dakota and North Dakota Department of Health (North Dakota) seek intervention in this action for the limited purpose of requesting that this Court issue an order to show cause why Defendant United States Environmental Protection Agency (EPA) Administrator[1] should not be held in contempt for exceeding its authority under the consent decree previously entered in this action. The EPA opposes both motions. Having considered the papers submitted by the parties and their oral arguments, the Court DENIES North Dakota's motions.

BACKGROUND

This action was originally initiated by Plaintiff WildEarth Guardians on June 3, 2009, pursuant to the Clean Air Act's citizen

---

[1] The Court adopts the terminology used by Defendant and Proposed Intervenors in their papers and will refer to Defendant as the EPA throughout this Order.

suit provision, 42 U.S.C. § 7604(a)(2), which allows any person to bring an action against the EPA "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." WildEarth alleged that the EPA had failed to perform a non-discretionary duty either to approve a State Implementation Plan (SIP) or promulgate a Federal Implementation Plain (FIP) for California, Colorado, Idaho, New Mexico, North Dakota, Oklahoma, and Oregon to satisfy the requirements of Clean Air Act section 110(a)(2)(D)(i), 42 U.S.C. § 7410(a)(2)(D)(i), regarding interstate transport of pollution and the 1997 National Ambient Air Quality Standards for eight-hour ozone and fine particulate matter. The EPA has separate authority and obligations regarding regional haze requirements, pursuant to Clean Air Act section 169A, 42 U.S.C. §§ 7491, 7492, which were not at issue in this case.

On February 23, 2010, the Court approved the parties' consent decree. Docket No. 26. The consent decree has since been modified on several occasions by stipulation or order of the Court. The consent decree requires the EPA to approve a SIP, promulgate a FIP, or approve a SIP in part and promulgate a partial FIP by specified dates for each of the seven States for each of the four elements of 42 U.S.C. § 7410(a)(2)(D)(i). As a result of several amendments and extensions of deadlines, the consent decree currently requires that the EPA must propose action to address the visibility requirement related to interstate

2

transport for North Dakota by September 1, 2011, Docket No. 38, and take final action by March 2, 2012, Docket No. 68.

On September 1, 2011, the EPA notified North Dakota that the agency proposed the partial approval of North Dakota's regional haze SIP and interstate transport SIP, combined with a partial regional haze FIP and interstate transport FIP. Westfall Decl., Ex. A. The EPA subsequently published its proposed actions in the Federal Register on September 21, 2011. 76 F.R. 58570. In the notice, the EPA states that the "proposed [interstate transport] FIP consists of a finding that the combination of our proposed partial approval of North Dakota's Regional Haze SIP and our proposed partial FIP for regional haze for North Dakota will satisfy the interstate transport requirements of section 110(a)(2)(D)(i)(II) with respect to visibility." 76 F.R. 58574. Because of the overlap between the visibility and regional haze requirements, the EPA determined that simultaneous action would be "the most efficient approach" to address both, without creating two separate sets of requirements for compliance. Id.

In the notice in the Federal Register, the EPA referred to the consent decree entered into by this Court several times. Specifically, the EPA referred to the deadlines contained in the consent decree, and stated that, in regards to an interstate transport SIP or FIP, it was required to sign a notice of proposed rulemaking by September 1, 2011. 76 F.R. 58576. The EPA also stated, "Given our September 1, 2011 deadline to sign this notice

3

of proposed rulemaking under the consent decree," it lacked sufficient time to act on or consider fully voluminous exhibits that North Dakota had submitted on July 28, 2011 with a proposed amendment to its regional haze SIP. 76 F.R. 58579. The EPA nevertheless proposed certain actions on the aspects of this submission that the agency was able to evaluate in the available time, even though under 42 U.S.C. § 7410(k)(2), the EPA was "not required to act on a SIP submittal until 12 months after it is determined to be or deemed complete." Id.

## DISCUSSION

North Dakota seeks to intervene as a matter of right, or in the alternative, through permissive intervention, for the limited purpose of seeking an order directing the EPA to show cause why it should not be held in contempt for violating the terms of the consent decree.

I.   Intervention as a Matter of Right

To intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, an applicant must claim an interest the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). The Ninth Circuit applies a four-part test to motions under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the

4

>     action; (3) the applicant must be so situated that the
>     disposition of the action may as a practical matter
>     impair or impede its ability to protect that interest;
>     and (4) the applicant's interest must be inadequately
>     protected by the parties to the action.

Id. (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993)).

North Dakota alleges that the EPA relied on the consent decree to give it the authority to address regional haze requirements, based on the language described above in the notice of the proposed action in the Federal Register.  However, North Dakota misinterprets this language.  The notice in the Federal Register does not say that the EPA relied on the consent decree for authority to take action on a regional haze SIP or FIP.  It says that the EPA was simultaneously exercising its separate authority on both regional haze and interstate transport requirements, for efficiency.  Although this Court is required to "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true," it is not required to do so when there is "sham, frivolity or other objections." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).  Because it is contradicted by the text of the notice published in the Federal Register, North Dakota's allegation--that the EPA relied on the consent decree in the notice to assume the legal authority to promulgate a regional haze FIP--will not be regarded as true.

5

The EPA challenges North Dakota's motion for intervention as a matter of right on two grounds: (1) that the motion is untimely; and (2) that North Dakota does not have a legally protectable interest.

The Ninth Circuit test for the timeliness of a motion to intervene considers "1) the stage of the proceedings at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of any delay." <u>Empire Blue Cross and Blue Shield v. Janet Greeson's A Place for Us, Inc.</u>, 62 F.3d 1217, 1219 (9th Cir. 1995).

North Dakota argues that its request is timely, even though the case was resolved and closed more than a year and a half ago, because it could not have known that its rights were not adequately protected earlier, in that "this is the first instance in this proceeding at which [the] EPA has interpreted its duties under the [consent decree] to include implementation of the Regional Haze provisions of the [Clean Air Act]."  Reply, at 6. However, North Dakota has not made any credible allegations that the EPA interpreted its duties under the consent decree as anything other than a requirement to take action on the interstate transport plans by a certain date.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."  <u>Donnelly v.

6

Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

In its motion, North Dakota protests the content of the EPA's proposed actions regarding the regional haze FIP and the interstate transport FIP and that the EPA issued both proposals together.  However, the EPA's authority to enter into any kind of FIP and the content thereof were never at issue in this case.  The consent decree in this case did not create any duty or authority on the part of the EPA, other than to enforce the duty to comply with a particular timetable regarding interstate transport plans, and North Dakota is not protesting this schedule.  Therefore, North Dakota has not asserted any protectable interest in this case.  See, e.g., Our Children's Earth Foundation v. EPA, 2006 U.S. Dist. LEXIS 30581, at *7-8 (N.D. Cal.) (denying a motion to intervene to protest the substance of the ultimate EPA action where "[t]he substantive content of any new regulations, was not, however, a subject of this lawsuit, [and t]he only issue [was] whether the Administrator will review the rules and by when he will act on the findings of his review.") (emphasis in original).

Accordingly, North Dakota's motion for intervention as a matter of right is DENIED.

II.  Permissive Intervention

A court may, in its discretion, permit intervention under Rule 24(b)(1)(B) by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  In exercising its discretion, a court should "consider whether the

7

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The requirements for permissive intervention are (1) the applicant must show independent grounds of subject matter jurisdiction; (2) the motion must be timely; and (3) the applicant's claim or defense, and the main action, must have a question of law or a question of fact in common. San Jose Mercury News, Inc. v. United States Dist. Court-Northern Dist. of Cal., 187 F.3d 1096, 1100 (9th Cir. 1999) (citing predecessor provision, Federal Rule of Civil Procedure 24(b)(2)).

North Dakota reiterates the same reasons for permissive intervention as it asserted for mandatory intervention, which this Court has found wanting. In its reply papers, North Dakota also raises a new argument: that it has "an independent claim regarding the enforcement of the terms" of the consent decree, which is proper to bring under this Court's retained jurisdiction over that decree. However, North Dakota is not actually seeking to enforce the terms of the consent decree. North Dakota is not arguing that the EPA did not take action on the interstate transport SIP within the time periods mandated in the consent decree.

Accordingly, North Dakota's motion for permissive intervention is DENIED.

III. Motion for an Order to Show Cause

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and

8

convincing evidence that the [non-moving party] violated a specific and definite order of the court." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). However, substantial compliance and acting on a good faith and reasonable interpretation of the court order can preclude sanctions. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). The decision to find a party in contempt is within the discretion of the district court. Jerry's Famous Deli, Inc. v. Papanicolaou, 383 F.3d 998, 1004 (9th Cir. 2004).

   North Dakota has not demonstrated, and certainly not by clear and convincing evidence, that the EPA has violated this Court's consent decree. North Dakota does not allege that the EPA failed to take action by the required date; North Dakota instead alleges that the EPA took other actions in addition to the single action required in the consent decree. Further, North Dakota presents no evidence that the EPA claimed that the consent decree authorized it to promulgate a regional haze FIP for North Dakota, other than North Dakota's own allegations, which are undermined by the actual contents of the notice in the Federal Register as described above. Instead, the evidence presented shows that the EPA consistently cites to the Clean Air Act as providing authority for it to promulgate both the regional haze FIP and the interstate transport FIP. The EPA cites the consent decree only as providing a

deadline for action on the interstate transport FIP. The EPA made an administrative decision to address both together, and thus chose to address the regional haze FIP by the same date, as is within its right. Nothing in the consent decree prohibited the EPA from taking that action, or required it to do so.

Accordingly, even if this Court had granted North Dakota leave to intervene, this Court would have denied North Dakota's motion for an order to show cause.

## CONCLUSION

For the foregoing reasons, North Dakota's motions to intervene and for an order to show cause are DENIED. (Docket Nos. 43 and 46)

IT IS SO ORDERED.

Dated: 12/27/2011

CLAUDIA WILKEN
United States District Judge